Filed 9/10/25  P. v. Burt CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Trinity)

----

| | |
|---|---|
| THE PEOPLE, | C101059 |
| Plaintiff and Respondent, | (Super. Ct. No. 21CV040) |
| v. | |
| RICKY DEWAYNE BURT, | |
| Defendant and Appellant. | |

Defendant Ricky Dewayne Burt appeals from a commitment order in a proceeding under the Sexually Violent Predator Act (SVPA) (Welf. & Inst. Code, § 6600 et seq.). Burt argues there was insufficient evidence he was likely to engage in sexually violent criminal behavior if released from custody.  We reject this claim and affirm.

BACKGROUND

In 1989, Burt pled guilty to "Sodomy on a Child" in the state of Utah for acts against a nine-year-old boy.  The trial court sentenced him to five years to life imprisonment.  In 2014, Burt pled no contest to lewd and lascivious acts with a child under 14 years of age.  (Pen. Code, § 288, subd. (a).)  The trial court sentenced Burt to

1

eight years of imprisonment. In 2021, shortly before Burt's expected parole release date, the People petitioned to commit Burt as a sexually violent predator.

At trial, Dr. Dale Arnold testified as an expert. He explained that Burt suffers from pedophilic disorder and has "a chronic sexual attraction to prepubescent boys." Dr. Arnold opined that Burt was likely to commit another sexually violent predatory offense. That assessment was based on actuarial risk scales as well as other risk factors and variables. One of those factors was "age or health concerns that would limit both mobility or ability to commit an offense. Or longevity." Burt was 60 years old at the time of trial. Dr. Arnold explained that the actuarial instruments account for a person's age: "[T]he person's total score drops by 2 points when they go from age 59 to age 60. So on . . . these instruments, [Burt's] scores just went down by two points. So his current age and health concerns are really accounted for within the instrument itself."

Dr. Arnold acknowledged Burt had put a lot of effort into trying to control his attraction to children, though Burt had been unable to do so consistently. He testified as to how "open and honest [Burt] was about what he had done . . . in the past, and his desire to get treatment." But Dr. Arnold pointed out that, even though Burt has regretted his behavior in the past and has received extensive treatment, he has gone on to reoffend. Based on his assessment, Dr. Arnold found Burt was linked to a group of offenders of whom, over five years, about 26 percent would be charged with or convicted of a new crime. Dr. Arnold explained this was a conservative estimate of reoffending because not everyone who reoffends gets reported and, even when it is reported, not everyone gets charged. Dr. Arnold testified that, historically, for every 100 inmates he has evaluated, he has recommended eight for civil commitment and has recommended against civil commitment for 92.

Dr. Mark Miculian also testified as an expert. Like Dr. Arnold, Dr. Miculian concluded that Burt was "likely to reoffend due to his mental disorder without appropriate treatment and custody." Dr. Miculian said of Burt: "I'd say he's been very

2

honest, more honest than most other sexual offenders, about his sexual offending, to the point where he says things that make his case worse. And I kind of think he's a very credible person." Despite this, Dr. Miculian remained of the opinion that Burt qualified for commitment under the sexually violent predator statute. Dr. Miculian also explained how Burt's risk of reoffending was reduced, according to the actuarial risk scales, because of his age.

The jury returned a verdict finding that Burt met the criteria to be committed as a sexually violent predator and that he was "a danger to the health and safety of others because it is likely that he will engage in sexually violent predatory behavior." The trial court committed Burt for an indeterminate term to the custody of the State Department of State Hospitals for appropriate treatment and confinement. Burt timely appealed in May 2024. His opening brief was filed in January 2025, and this case became fully briefed on April 28, 2025.

DISCUSSION

Burt argues substantial evidence does not support the finding that he was likely to engage in sexually violent criminal behavior. We disagree.

To establish a defendant is a sexually violent predator, the prosecution must prove beyond a reasonable doubt that, among other things, it is likely the defendant will engage in sexually violent predatory criminal behavior if released. (Welf. & Inst. Code, §§ 6600, subd. (a)(1), 6604; *People v. Roberge* (2003) 29 Cal.4th 979, 985.) The requirement that the defendant is likely to engage in sexually violent predatory conduct if released "is met when 'the person presents a *substantial danger*, that is, a *serious and well-founded risk*, that he or she will commit such crimes if free in the community.' " (*Roberge*, at p. 986.)

We review the sufficiency of the evidence in a sexually violent predator case under the same substantial evidence test used in criminal appeals. (*People v. McCloud* (2013) 213 Cal.App.4th 1076, 1088.) "In assessing the sufficiency of the evidence, [the court] review[s] the entire record in the light most favorable to the judgment to determine

3

whether it discloses evidence that is reasonable, credible, and of solid value such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Bolin* (1998) 18 Cal.4th 297, 331.) " 'In reviewing the record to determine the sufficiency of the evidence this court may not redetermine the credibility of witnesses, nor reweigh any of the evidence, and must draw all reasonable inferences, and resolve all conflicts, in favor of the judgment.' " (*People v. Sumahit* (2005) 128 Cal.App.4th 347, 352.) If supported by substantial evidence, the finding must be upheld even though substantial evidence could also support a contrary judgment. (*In re Dakota H.* (2005) 132 Cal.App.4th 212, 228.)

In his opening brief, Burt contends his advanced age, poor health, and insight into his offenses were factors that cut against the finding he was likely to reoffend. But the existence of evidence contrary to the verdict does not mean the verdict is unsupported by substantial evidence. In essence, Burt complains the jury did not assign greater weight to factors he believes support his case. As discussed, given the deferential standard of review, we do not reweigh the evidence. (See *People v. Lucero* (2019) 41 Cal.App.5th 370, 411; cf. *People v. Myles* (2023) 89 Cal.App.5th 711, 740 ["for purposes of substantial evidence review, we are not permitted to draw inferences contrary to the verdict"].)

Burt's claim is deficient in other respects. For instance, as to his poor health, he argues there was inadequate consideration of how his "degenerative joint disease" reduced his risk of recidivism. But, as the People point out, no evidence of this disease was introduced at trial. Regarding Burt's age, both experts explained how the actuarial risk scales accounted for his age. Finally, as to his insight into his offenses, Burt points to statements he made that he believes show he was remorseful and amenable to treatment. Again, these statements were not introduced as evidence at his trial. And regardless, they were considered by the experts in making their determinations, as was

4

the fact that Burt was honest about what he had done. Nonetheless, the experts were of the opinion that Burt was likely to reoffend.

In his reply brief, Burt complains about how the two experts reached different conclusions about what his recidivism rate was. He also claims the methodology used by the experts was "flawed." We do not consider contentions asserted for the first time in a reply brief. (*People v. Taylor* (2020) 43 Cal.App.5th 1102, 1114; *People v. Duff* (2014) 58 Cal.4th 527, 550, fn. 9.)

Ultimately, " '[e]ven when there is a significant amount of countervailing evidence, the testimony of a single witness that satisfies the standard is sufficient to uphold the finding.' " (*People v. Lucero*, *supra*, 41 Cal.App.5th at p. 411.) Here, two expert witnesses determined that Burt was likely to engage in sexually violent criminal behavior if released from custody. Both experts explained to the jury what factors they considered and how they arrived at those determinations. Substantial evidence supported the jury's verdict.

## DISPOSITION

The judgment is affirmed.

/s/
BOULWARE EURIE, J.

We concur:


/s/
ROBIE, Acting P. J.


/s/
WISEMAN, J.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.